Robert E. Dempsey, J.
The judgment of the lower court is reversed. The appeal is from a judgment of the Court of Special Sessions of the Town of North Castle, wherein the appellant defendant was convicted of a violation of section 116 of the Agriculture and Markets Law. Sentence was imposed as follows : ‘ ‘ Under the circumstances the Court finds you in violation and the Court fines you $10.00 and we are going to suspend sentence, subject to the understanding that the dog will be confined. ’ ’
The complaint in this action was sworn to by one Elsie De Mers and seeks the destruction of a certain ‘ ‘ bull mastiff dog owned by the defendant ’ ’ or such other relief as may be prescribed by statute. The complaint is a form complaint and at the very top of the form is an indication that it was prepared pursuant to section 116 of the Agriculture and Markets Law, which provides in pertinent part that: “If satisfied, from such inquiry, that the dog is a dangerous dog, such justice or magistrate shall order the owner, if within the territorial jurisdiction of the court, and if not within such jurisdiction, then any peace officer, to kill the dog immediately; or may order the owner securely to confine such dog during a time to be specified in the order. If the owner fails to kill or to confine the dog as required by such order, any peace officer or a designated representative of the commissioner shall kill such dog on or off the premises of the owner.”
There is no basis for imposing a penalty on the owner of a dangerous dog under the above section. But even if this court assumes that such imposition is justified under any construction of any other provision of the laws of this State the judgment cannot stand as the complaint (information) is insufficient to properly apprize the defendant of the crime for which he is charged. This proceeding cannot be said to stand on a different ground than a traffic ticket where certain minimum standards of notice and related procedure are required. (Code Crim. Pro., §§ 147-c, 147-d.)